[Cite as *In re A.M.*, 2013-Ohio-4152.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:


A. M.



MINOR CHILD

JUDGES:
Hon. John W. Wise, P. J.
Hon. Patricia A. Delaney, J.
Hon. Craig R. Baldwin, J.

Case No. 2013 CA 00113

O P I N I O N



CHARACTER OF PROCEEDING:      Civil Appeal from the Court of Common
                              Pleas, Juvenile Division, Case No.   2012
                              JCV 00652


JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       September 23, 2013


APPEARANCES:

For Appellee                  For Appellant

JERRY COLEMAN                 MARY G. WARLOP
STARK COUNTY DJFS             118 Cleveland Avenue, NW
221 Third Street, SE          Suite 500
Canton, Ohio  44702           Canton, Ohio  44702

*Wise, P. J.*

{¶1}    Appellant Travis Mayle appeals the decision of the Stark County Court of Common Pleas, Juvenile Division, which granted permanent custody of his son, A.M., to Appellee Stark County Department of Job and Family Services ("SCDJFS"). The relevant facts leading to this appeal are as follows.

{¶2}    A.M., born in June 2012, is the son of Terry Tallman (mother) and Appellant Travis Mayle.[1] In July 2012, SCDJFS filed a complaint alleging neglect and dependency, based on concerns that Tallman had tested positive for marijuana at the time of A.M.'s birth and was living in a hotel. A.M. has multiple physical challenges, including Down's syndrome and cardiovascular issues. Tallman has several other children in relative custody, chiefly in the State of West Virginia. There is also a permanent custody record regarding some of her children in that state.

{¶3}    The trial court granted emergency custody to the agency on or about July 5, 2012. The trial court further issued orders on September 18, 2012 adjudicating A.M. as a dependent child and maintaining temporary custody with SCDJFS.

{¶4}    On April 3, 2013, SCDJFS filed a motion for permanent custody. Appellant and Tallman were served with the motion via publication. An evidentiary hearing was conducted on May 15, 2013. Appellant and Tallman were not present for said hearing, although counsel appeared for each parent. Counsel for the guardian ad litem and counsel for the agency also appeared.

{¶5}    On the next day, the trial court issued a judgment entry, with findings of fact and conclusions of law, granting permanent custody of A.M. to SCDJFS.

---

[1]  Tallman has not appealed the permanent custody ruling at issue.

{¶6} On June 3, 2013, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

{¶7} "I. THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES (SCDJFS) AS SCDJFS FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT GROUNDS EXISTED FOR PERMANENT CUSTODY AND SUCH DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶8} "II. THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES (SCDJFS) AS SCDJFS FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT IS IN THE BEST INTERESTS OF THE MINOR CHILD TO GRANT PERMANENT CUSTODY AND SUCH DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I.

{¶9} In his First Assignment of Error, appellant-father challenges the trial court's grant of permanent custody of A.M. to SCDJFS.

{¶10} As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base his or her judgment. *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App.No. CA–5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Construction* (1978), 54 Ohio St.2d

279, 376 N.E.2d 578. Furthermore, it is well-established that the trial court is in the best position to determine the credibility of witnesses. *See, e.g., In re Brown,* Summit App.No. 21004, 2002–Ohio–3405, ¶ 9, citing *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.

**{¶11}** R.C. 2151.414(B)(1) reads as follows: "Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:

**{¶12}** "(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, * * * and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.

**{¶13}** "(b) The child is abandoned.

**{¶14}** "(c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.

**{¶15}** "(d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period * * *."

**{¶16}** In determining whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents (*see* R.C.

2151.414(B)(1)(a), *supra*), a trial court is to consider the existence of one or more factors under R.C. 2151.414(E).

{¶17} In the case sub judice, the trial court relied on both R.C. 2151.414(B)(1)(a) and R.C. 2151.414(B)(1)(b) in its determination. A trial court's finding of abandonment under R.C. 2151.414(B)(1)(b) will satisfy the first prong of the permanent custody test, allowing the court to move on to the second prong of considering whether the grant of permanent custody to the agency is in the best interest of the child. *See In re Cravens*, 3rd Dist. Defiance No. 4–03–48, 2004-Ohio-2356, ¶ 25.

{¶18} R.C. 2151.011(C) sets forth the following "presumptive abandonment" rule: "For the purposes of this chapter, a child shall be presumed abandoned when the parents of the child have failed to visit or maintain contact with the child for more than ninety days, regardless of whether the parents resume contact with the child after that period of ninety days." We have held that there must be a showing that a parent has failed to visit or maintain contact with the child for a period of ninety days before an agency moves for permanent custody on "presumed abandonment" grounds. *See In re Scullion*, Stark App. No. 2006CA00308, 2007–Ohio–929, ¶ 30.

{¶19} In the case sub judice, it can be aptly summarized that while appellant and Tallman had some participation in their case plans, no evidence was presented on their behalf to refute caseworker Wanda Pounds' testimony that both parents had "just disappeared" in December 2012, more than ninety days prior to the filing of the permanent custody motion. *See* Tr. at 12. Pounds nonetheless tried visiting appellant at his last known address, calling the phone numbers she had for him, and contacting some of his relatives, all to no avail. *See* Tr. at 6-17.

**{¶20}** Accordingly, although the trial court in the case sub judice commendably made the additional effort to render a decision under R.C. 2151.414(B)(1)(a) as well, we find no reversible error in the court's finding of abandonment under R.C. 2151.414(B)(1)(b), and the court's decision in regard to grounds for permanent custody was not against the manifest weight of the evidence.

**{¶21}** Appellant's First Assignment of Error is overruled.

II.

**{¶22}** In his Second Assignment of Error, appellant-father challenges the trial court's decision that it would be in the best interest of A.M. to grant permanent custody to the agency.

**{¶23}** In determining the best interest of a child for purposes of permanent custody disposition, the trial court is required to consider the factors contained in R.C. 2151.414(D). These factors are as follows:

**{¶24}** "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;

**{¶25}** "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;

**{¶26}** "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period * * *;

**{¶27}** "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;

**{¶28}** "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."

**{¶29}** It is well-established that "[t]he discretion which the juvenile court enjoys in determining whether an order of permanent custody is in the best interest of a child should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned." *In re Mauzy Children* (Nov. 13, 2000), Stark App.No. 2000CA00244, quoting *In re Awkal* (1994), 95 Ohio App.3d 309, 316, 642 N.E.2d 424.

**{¶30}** At the evidentiary hearing in the case sub judice, evidence was adduced that appellant completed a substance abuse assessment at Quest Services as part of his case plan, and that his urine screens were all negative for drugs. Appellant directs us to the caseworker's testimony that there was some bonding between appellant and the child, and that with the development of parenting skills and maintaining sobriety, appellant would have been an appropriate parent. *See* Tr. at 14. However, the record also indicates that A.M. is placed in a therapeutic foster home where his medical needs and treatments are being met. He is "very comfortable" there. Tr. at 25. The foster family is bonded with him.  They are willing to maintain the placement long-term and are interested in adoption. Tr. at 24, 28. A report of the guardian ad litem was provided to the court, the details of which are not herein disputed. In this instance, whatever potential either parent may have in being able to provide a secure permanent home for

this child must be cautiously weighed against appellant's and Tallman's incomprehensible decisions to simply walk away from the child and their case plans at a critical time and fail to even appear at the permanent custody hearing.

{¶31} Upon review of the record and the findings and conclusions therein, we conclude the trial court's judgment granting permanent custody of A.M. to the agency was made in the consideration of the child's best interest and did not constitute an error or an abuse of discretion under the circumstances presented.

{¶32} Appellant's Second Assignment of Error is overruled.

{¶33} For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby affirmed.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY

_____
HON. CRAIG R. BALDWIN

JWW/d 0830

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN THE MATTER OF:                            :
                                             :
                                             :
          A. M.                              :          JUDGMENT ENTRY
                                             :
                                             :
          MINOR CHILD                        :          Case No. 2013 CA 00113


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is affirmed.

Costs assessed to appellant.


                                      _____
                                      HON. JOHN W. WISE


                                      _____
                                      HON. PATRICIA A. DELANEY


                                      _____
                                      HON. CRAIG R. BALDWIN